UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES M. THOMAS,

    Petitioner,

v.                                          Case No. 5:05-cv-333-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## ORDER OF DISMISSAL

Petitioner initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 20, 2005 (Doc. 1). The Petition stems from Petitioner's 1998 guilty plea to two counts of lewd and lascivious assault upon a child in Sumter County, for which Petitioner is serving a sentence of imprisonment following the revocation of his community control. The Respondents have filed a Response asserting that the Petition is time-barred and therefore should be dismissed. Doc. 5. For the following reasons, the Court concludes that the Petition is time-barred.[1]

## One-Year Limitation

Petitioners whose convictions became final after the effective date of the

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[2] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[3] Further, "judgment" in this context means the underlying conviction and the most recent sentence that authorizes the petitioner's current detention. See Ferreira v. Sec'y, Dept. of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007).

**Discussion**

The procedural background is summarized in the Response, and Petitioner does not dispute the accuracy of the summary. See Petitioner's Reply, Doc. 8. In fact, Petitioner does not address the time-bar issue at all in his reply. See id.

Petitioner pleaded guilty to the above-described charges on June 18, 1998, and was sentenced to 24 months' community control followed by 10 years' probation. An affidavit for violation of community control was filed on January 29, 1999, and community control was reinstated on April 14, 1999. On October 25, 1999, a second affidavit for violation of community control was filed, and on November 15, 2000, Petitioner was sentenced to 181.6 months imprisonment, to be

---

[2] 28 U.S.C. § 2244(d)(1).

[3] 28 U.S.C. § 2244(d)(2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

followed by one year of community control and 12 years' probation, all of which were suspended upon Petitioner's successful completion of community control. On March 23, 2001, a third affidavit of violation of community control was filed, and on June 13, 2002, Petitioner was sentenced to 15 years' imprisonment on Count I followed by nine years and eight months' imprisonment on Count II, with credit for 910 days time served. See Doc. 5; App. I. Petitioner appealed and the District Court of Appeal affirmed his convictions, but remanded the case to the trial court for imposition of the 181.6-month sentence that the court previously had suspended. See Thomas v. State, 838 So.2d 701 (Fla. 5th DCA 2003). Petitioner was resentenced in the trial court on April 24, 2003. Doc. 5. Petitioner did not file any further direct appeals from that sentence, and accordingly the judgment became final 30 days later, or on or about May 26, 2003 See Fla. R. App. P. 9.140(b)(3).[4] Absent any state court post-conviction proceeding that would have tolled the federal limitations period,[5] Petitioner had until May 26, 2004, to timely file his federal habeas corpus petition.[6]

Petitioner filed state habeas corpus petitions on May 14, 2004 and August 4, 2004, alleging newly-discovered evidence in the form of a deposition of the victim taken on February 6, 2001, in which the victim allegedly denied having any sexual

---

[4]The 30th day, May 24, 2003, was a Saturday.

[5] 28 U.S.C. § 2244(d)(2).

[6]The one-year anniversary of the date of Petitioner's conviction, July 12, 2002, fell on a Saturday.

contact with Petitioner. Doc. 5. At the time Petitioner filed his May 14, 2004, state habeas petition, only 13 days remained in the federal habeas limitations period. The trial court denied the petitions on August 18, 2004; Petitioner appealed and the District Court of Appeal affirmed on March 22, 2005. Thomas v. State, 896 So.2d 772 (Fla. 5th DCA 2005). The record does not reflect that Petitioner sought further review. Accordingly, Petitioner had, at most, until April 4, 2005, to file his federal habeas petition (13 days after March 22, 2005). Therefore, it is clear that the instant Petition, filed on July 20, 2005, is untimely pursuant to 28 U.S.C. § 2244(d).

Even if the February 6, 2001, deposition relied on by Petitioner in his state habeas petitions amounted to a newly-discovered factual predicate for federal habeas relief that triggered a one-year filing deadline pursuant to § 2244(d)(1)(D),[7] at the time that Petitioner presented that claim in state court on May 14, 2004, the federal limitations period had already run, and thus the state proceedings did not serve to further toll the federal limitations period.

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**. The Clerk is directed to enter judgment dismissing this case with prejudice,

---

[7]That section provides that the one year limitation period may run from "the date on which the factual predicate for the claim . . . could ave been discovered through the exercise of due diligence."

terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of March 2009.

UNITED STATES DISTRICT JUDGE

c: James M. Thomas
   Respondent